**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-2323**

———————

RICKY YUSUF ASYER,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A72-167-567)

———————

Submitted:  September 5, 2007        Decided:  October 19, 2007

———————

Before TRAXLER, KING, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Linda Hanten, HARRIGAN & HANTEN, PC, Washington, D.C., for
Petitioner. Peter D. Keisler, Assistant Attorney General, Cindy S.
Ferrier, Senior Litigation Counsel, Jamie M. Dowd, OFFICE OF
IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Yusuf Asyer, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Asyer asserts that he established changed country conditions excusing the untimeliness of his asylum application. We find that we do not have jurisdiction to review that determination. See 8 U.S.C. § 1158(a)(3) (2000); Almuhtaseb v. Gonzales, 453 F.3d 743, 746-48 (6th Cir. 2006).

Asyer also challenges the finding that he failed to qualify for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Having conducted our review, we conclude that substantial evidence supports the finding that Asyer did not establish eligibility for withholding of removal. Finally, Asyer's claim that he was denied due process at the removal hearing because the Immigration Judge denied a continuance and proceeded without an interpreter fails because he has not demonstrated that he was prejudiced by the alleged violation. See Rusu, 296 F.3d at 320-21.

- 2 -

We accordingly deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED